**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

| | | |
|---|---|---|
| KONRAD KURACH, | : | No. 531 EAL 2018 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| TRUCK INSURANCE EXCHANGE, | : | |
| | : | |
| Respondent | : | |
| | | |
| MARK WINTERSTEEN, INDIVIDUALLY | : | No. 532 EAL 2018 |
| AND ON BEHALF OF ALL OTHERS | : | |
| SIMILARLY SITUATED | : | |
| | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| TRUCK INSURANCE EXCHANGE, | : | |
| | : | |
| Respondent | : | |

## ORDER

**PER CURIAM**

     **AND NOW**, this 29th day of May, 2019, the Petition for Allowance of Appeal is

**GRANTED**. The issue, as stated by Petitioner, is:

     Did the Superior Court err as a matter of law in finding that the limitation of payment of General Contractors Overhead and Profit from actual cash value in a replacement cost policy, although violative of binding precedent, was nonetheless valid and enforceable?